```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X

ROBERT ESPRIEL,

                         Plaintiff,
                                                MEMORANDUM AND ORDER
              - against -
                                                 20 Civ. 10881 (NRB)
STARBUCKS CORPORATION d/b/a
STARBUCKS COFFEE COMPANY,

                         Defendant.

---------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**


Plaintiff Robert Espriel ("plaintiff") brings this negligence action against defendant Starbucks Corporation d/b/a Starbucks Coffee Company ("defendant" or "Starbucks"), seeking monetary damages for injuries plaintiff suffered when he fell while navigating an interior step at a Starbucks store located at 245 East 80th Street, New York, New York (the "store"). Defendant moves for summary judgment on the grounds that no dangerous or defective condition existed, or, alternatively, that defendant lacked actual or constructive notice of that condition. For the reasons set forth below, defendant's motion for summary judgment is granted in its entirety.

## BACKGROUND

The following facts, drawn from defendant's Local Civil Rule 56.1 statement ("Def. 56.1"), ECF No. 29; plaintiff's Local Civil

Rule 56.1 counterstatement ("Pl. 56.1"), ECF No. 33; and admissible materials submitted by the parties in connection with defendant's motion, are undisputed, unless otherwise noted.[1]

### A. Factual Background

On October 2, 2017 at approximately 9:30 a.m., plaintiff fell while navigating an interior step at the store.  See Def. 56.1 ¶¶ 17, 20; Pl. 56.1 ¶¶ 17, 20.  Although plaintiff intended to purchase a beverage at the store, he decided to leave the store after he used the restroom and saw that the line to purchase food and beverages was long.  See Def. 56.1 ¶¶ 19, 21-22; Pl. 56.1 ¶¶ 19, 21-22.  Plaintiff's fall occurred as he walked towards the store's single entrance and exit door, through which he had entered the store.  See Def. 56.1 ¶¶ 23, 26; Pl. 56.1 ¶¶ 23, 26.

The step that allegedly caused plaintiff's fall is located near the single entrance and exit door.  See Def. 56.1 ¶ 26; Pl. 56.1 ¶ 26.  Immediately inside the door is a small, carpeted vestibule, which leads to the single step.  See Def. 56.1 ¶¶ 27-28; Pl. 56.1 ¶¶ 27-28.  To access the main floor of the store, each customer must navigate the single step at the end of the vestibule.  See Def. 56.1 ¶ 28; Pl. 56.1 ¶ 28.  The step has three

---

[1] Pursuant to Local Civil Rule 56.1, the Court treats as admitted the facts set forth in defendant's Rule 56.1 statement unless "specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party."  Local Civil Rule 56.1(c).  In addition, "[e]ach statement . . . controverting any statement of material fact[] must be followed by citation to evidence which would be admissible."  See Local Rule 56.1(d).

railings, one on each side of the step and one in the middle,
separating entering and exiting foot traffic.  See Def. 56.1 ¶ 29;
Pl. 56.1 ¶ 29.   The main floor of the store is covered in sand-
colored floor tiles, except for an approximately one-foot area
surrounding the step, which is covered in smaller black tiling.
See Def. 56.1 ¶¶ 30-32; Pl. 56.1 ¶¶ 30-32.   "The nosing of the
step contains a yellow caution stripe to alert customers to the
step's presence."   See Def. 56.1 ¶ 33; Pl. 56.1 ¶ 33.  Photographs
of the step are attached as exhibits to both parties' briefing:



ECF No. 27-10 at 6; ECF No. 32-1 at 2.

When he walked towards the store's single entrance and exit door to leave the store, plaintiff saw the step and the yellow caution stripe, which he crossed when he entered the store. See Def. 56.1 ¶¶ 84-90; Pl. 56.1 ¶¶ 83-89. There were no issues with lighting in the store, and nothing was blocking plaintiff's view of the step. See Def. 56.1 ¶¶ 86-87; Pl. 56.1 ¶¶ 85-86. Also, there was no liquid, debris, or loose objects on the step or the caution stripe. See Def. 56.1 ¶¶ 99-102; Pl. 56.1 ¶¶ 98-102. Indeed, "Starbucks employees inspected the subject step for slippery or otherwise dangerous conditions at least twice an hour." See Def. 56.1 ¶ 107; Pl. 56.1 ¶ 107. However, after plaintiff fell, he noticed that, on a small portion of the step, the yellow caution stripe had worn down to the black tile. See Def. 56.1 ¶¶ 91-93; Pl. 56.1 ¶¶ 90-92.

As pictured in defendant's Exhibit 4, the worn portion of the caution stripe measures, at most, one inch wide by seven inches long. See Def. 56.1 ¶¶ 30-32 (stating that the black tiling surrounding the step was about one foot wide); Pl. 56.1 ¶¶ 30-32 (same); ECF No. 27-10 at 5 (attaching a photograph of the step, which shows that six, two-inch black tiles cover the one-foot distance between the sand-colored tiles and the step and that the worn portion of the caution stripe exposes, at most, the width of half of one black tile and the length of three-and-a-half black tiles). Although in certain sections, the worn portion of the

4

caution stripe appears to measure not even one-quarter of an inch
wide. See id.



ECF No. 27-10 at 5 (Exhibit 4).

  Although plaintiff was not looking down to see where he
stepped at the time he fell, he believes that he slipped on the
worn portion of the caution stripe. See Def. 56.1 ¶¶ 94-95; Pl.
56.1 ¶¶ 93-94. By contrast, Starbucks store manager Emely

Rodriguez testified in her deposition that she saw plaintiff, who was holding onto the railing, fall after he missed the step.[2]  See Def. 56.1 ¶¶ 34-40, 45; Pl. 56.1 ¶¶ 34-40, 44.  Ms. Rodriguez prepared a written incident report on the date of incident, in which she wrote, in part: "Walking out the store miss the step and fell at exit step."  See Def. 56.1 ¶¶ 41-42; Pl. 56.1 ¶¶ 40-41.[3]

Before he fell, plaintiff did not see any customers having issues with the step and did not complain to defendant about the step.  See Def. 56.1 ¶¶ 113-14; Pl. 56.1 ¶¶ 113-14.  Plaintiff is also not aware of any complaints that have been made to defendant about the step.  See Def. 56.1 ¶ 115; Pl. 56.1 ¶ 115.  Ms. Rodriguez, who was Starbucks' store manager for approximately two years, similarly testified that she is not aware of any other time that a customer had fallen on the step.  See Def. 56.1 ¶¶ 111-12; Pl. 56.1 ¶¶ 111-12.

---

[2] In his opposition, plaintiff argues that deciding the issue of whether he missed the step or slipped requires a jury to assess the credibility of both parties' witnesses.  See Opp. at 4-6.  Because the Court finds that defendant is entitled to summary judgment even if plaintiff slipped on the step, the Court need not resolve that dispute.

[3] Several reports of medical providers who treated plaintiff for his alleged injuries similarly state that plaintiff tripped or missed the step, not that plaintiff slipped.  See Def. 56.1 ¶¶ 51-83.  Plaintiff does not dispute the contents of those medical records, but he claims that they are inadmissible hearsay.  See Pl. 56.1 ¶¶ 50-82.  Plaintiff is mistaken.  Under Federal Rule of Evidence 803(4), statements made for medical diagnosis or treatment are not excluded by the rule against hearsay.  See Fed. R. Evid. 803(4).  In any event, the Court need not make an admissibility determination as to each of plaintiff's medical records as the Court finds that summary judgment is appropriate, even if plaintiff slipped.

As a result of his fall, plaintiff "suffer[ed] severe and permanent personal injuries," including:

> "[F]racture of left foot; dislocation of right shoulder; massive rotator cuff tear, right shoulder; required surgery on left foot and right shoulder; plaintiff was left vulnerable to further injury; traumatic injury; plaintiff was rendered sick, sore, lame and disabled; scarring and cosmetic deformity; severe pain; plaintiff was required to receive medical care and attention; plaintiff was required to undergo diagnostic testing including x-ray and/or MRI and/or CT scan; plaintiff was required to undergo physical therapy; plaintiff was required to take medication; plaintiff's ability to pursue usual duties and vocation was impaired; plaintiff became substantially disabled; plaintiff suffered severe mental anguish and distress; osteoarthritic changes occurred; extreme pain and suffering; and plaintiff was otherwise damaged; all of these injuries were permanent in nature."

Am. Compl. ¶ 9, ECF No. 1.

**B. Procedural Background**

On December 23, 2022, defendant removed this action from New York Supreme Court, New York County on the basis of diversity jurisdiction.[4]  See Notice of Removal ¶¶ 10-13, ECF No. 1.  After

---

[4] 28 U.S.C. § 1332 grants district courts original jurisdiction over cases between citizens of different states in which the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a).  Although plaintiff's amended complaint inaccurately states that defendant is a limited liability company, see Am. Compl. ¶ 2, ECF No. 11, defendant clarifies in its notice of removal and answer that it is a publicly traded corporation, which is incorporated in Washington and has a principal place of business in Washington.  See Notice of Removal ¶¶ 6-8; Answer ¶ 2, ECF No. 12.  Because plaintiff is a New York citizen, complete diversity exists between the parties.  See Am. Compl. ¶ 1. The amended complaint is silent on the amount in controversy.  See Am. Compl.  The Court thus "looks to the facts alleged in the amended complaint, along with those alleged in the removal papers, to determine whether 'it appears to a reasonable probability' that the jurisdictional amount has been reached."  Robinson v. Berkshire Life Ins. Co. of Am., No. 18 Civ. 7689 (JPO), 2019 WL 1614831, at *2 (S.D.N.Y. Apr. 16, 2019) (quoting United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 305 (2d Cir. 1994)).  Plaintiff's

an initial pretrial conference was held on February 23, 2021, see ECF Nos. 6-8, plaintiff filed an amended complaint on April 29, 2021, see Am. Compl.  In his amended complaint, plaintiff asserts a single claim of negligence, alleging that he "was caused to suffer severe and permanent personal injures due to the recklessness, carelessness, and negligence, of the defendants." Id. ¶ 11.

On May 3, 2021, defendant filed an answer to plaintiff's amended complaint with 13 affirmative defenses.[5]  See Answer ¶¶ 18-30.  Following the conclusion of discovery, on March 31, 2022, defendant filed a letter pursuant to this Court's Individual Rule 2(B), requesting a pre-motion conference to address its anticipated motion for summary judgment.  See ECF No. 20.  Plaintiff filed a

---

amended complaint alleges that, as a result of defendant's purported negligence, plaintiff "suffer[ed] serious and permanent personal injuries." See Am. Compl. ¶ 9.  Moreover, defendant's notice of removal documents plaintiff's refusal to stipulate to a $75,000 damages cap. See Notice of Removal ¶ 12.  While not dispositive, such refusal offers some evidence that the jurisdictional requirement is met. See Felipe v. Target Corp., 572 F. Supp. 2d 455, 459 (S.D.N.Y. 2008). In short, the Court is satisfied that the record evidences a "reasonable probability" that the amount in controversy exceeds the jurisdictional threshold.

[5] Defendant's answer includes the following affirmative defenses: (1) plaintiff's injuries were caused by plaintiff's "culpable conduct, want of care and assumption of risk" and "without negligence, fault or want of care on the part of Starbucks"; (2) plaintiff's recovery should be limited to defendant's percentage of liability; (3) plaintiff failed to state a cause of action; (4) plaintiff's injuries were caused by persons not within the control of defendant; (5) defendant is entitled to set off any verdict from a collateral source of payment under CPLR § 4545; (6) plaintiff failed to mitigate damages; (7) plaintiff's injuries were not proximately caused by defendant; (8) plaintiff's conduct was the "sole proximate cause of the incident"; (9) any of plaintiff's costs that have already been replaced or indemnified by collateral sources should reduce the amount recoverable from defendant under CPLR § 4545; (10) all risks at the store were "open, obvious, and apparent"; (11) plaintiff "assumed the risk of his injuries"; (12) any settlement plaintiff receives entitles defendant to the protections of Section 15-108 of New York's General Obligations Law in reducing the amount recoverable from defendant; and (13) defendant "reserves the right to assert additional affirmative defenses." See Answer ¶¶ 18-30.

response to defendant's letter on April 7, 2022.  See ECF No. 21.
On April 14, 2022, the Court granted defendant leave to bring its
motion for summary judgment without the necessity of a pre-motion
conference.  See ECF No. 22.

Defendant filed its motion for summary judgment on July 28,
2022.  See ECF Nos. 27-30.  Plaintiff filed his opposition on
September 1, 2022.  See ECF Nos. 32-33.  The motion was fully
briefed on September 21, 2022.  See ECF No. 36.

## LEGAL STANDARD

While New York law supplies the elements of plaintiff's
negligence cause of action, federal procedural law applies to
determine whether defendant is entitled to summary judgment.  See
Rivera v. Target Dep't Store, Inc., No. 15 Civ. 7846 (HBP), 2017
WL 2709745, at *4 (S.D.N.Y. June 22, 2017) ("[B]ecause the action
has been removed to federal court, Rule 56's burden allocation
scheme applies.").  "In a slip-and-fall case, the federal summary
judgment standard differs from that of New York."  Ghali v. Wal-
Mart Stores E., LP, No. 18 Civ. 2495 (CS), 2019 WL 1745704, at *3
(S.D.N.Y. Apr. 18, 2019).

Under Federal Rule of Civil Procedure 56(a), summary judgment
is appropriate where "there is no genuine dispute as to any
material fact and the movant is entitled to judgment as a matter
of law."  Fed. R. Civ. P. 56(a).  "A genuine issue of material
fact exists if 'the evidence is such that a reasonable jury could

return a verdict for the nonmoving party.'" <u>Nick's Garage, Inc. v.</u>
<u>Progressive Cas. Ins. Co.</u>, 875 F.3d 107, 113-14 (2d Cir. 2017)
(quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248
(1986)).  "Factual disputes that are irrelevant or unnecessary
will not be counted." <u>Anderson</u>, 477 U.S. at 248.

"The burden of showing that no genuine factual dispute exists
rests on the party seeking summary judgment . . . and in assessing
the record to determine whether there is a genuine issue as to a
material fact, the court is required to resolve all ambiguities
and draw all permissible factual inferences in favor of the party
against whom summary judgment is sought." <u>Sec. Ins. Co. of</u>
<u>Hartford v. Old Dominion Freight Line Inc.</u>, 391 F.3d 77, 83 (2d
Cir. 2004) (internal citations and quotations omitted).
Accordingly, "the moving party must make a prima facie showing
that it is entitled to summary judgment." <u>Celotex Corp. v.</u>
<u>Catrett</u>, 477 U.S. 317, 331 (1986).  While New York state procedural
law requires an affirmative showing by a defendant in order for
the defendant to be entitled to summary judgment in a slip-and-
fall case, in federal court "[t]hat burden may be satisfied by
pointing out the absence of evidence to support the non-movant's
claims." <u>Citizens Bank of Clearwater v. Hunt</u>, 927 F.2d 707, 710
(2d Cir. 1991).

If the moving party meets its burden, "the burden then shifts
to the non-moving party to present evidence sufficient to satisfy

every element of the claim." Lyman v. PetSmart, Inc., No. 16 Civ.
04627 (JCM), 2018 WL 4538908, at *4 (S.D.N.Y. Sept. 21, 2018)
(internal citations and quotations omitted).  "Conclusory
allegations will not suffice to create a genuine issue." Delaware
& Hudson Ry. Co. v. Consol. Rail Corp., 902 F.2d 174, 178 (2d Cir.
1990).  There must be more than a "scintilla of evidence in support
of the [non-movant's] position will be insufficient; there must be
evidence on which the jury could reasonably find for the [non-
movant]." Anderson, 477 U.S. at 252.  In other words, the non-
movant "must do more than simply show that there is some
metaphysical doubt as to the material facts." Matsushita Elec.
Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  "If
no rational fact finder could find in the non-movant's favor, there
is no genuine issue of material fact, and summary judgment is
appropriate." Citizens Bank of Clearwater, 927 F.2d at 710.

## DISCUSSION

As discussed above, plaintiff brings a single claim for
negligence.  "To establish a prima facie case of negligence under
New York law, 'a plaintiff must demonstrate (1) a duty owed by the
defendant to the plaintiff, (2) a breach thereof, and (3) injury
proximately resulting therefrom.'" Lerner v. Fleet Bank, N.A.,
459 F.3d 273, 286 (2d Cir. 2006) (quoting Solomon ex rel. Solomon
v. City of New York, 66 N.Y.2d 1026, 1027 (1985)).  Defendant does
not dispute that it owed a duty to plaintiff to maintain its

11

premises in a safe condition; instead, it correctly notes that "the central issue is whether Starbucks breached its duty to [p]laintiff." Memorandum of Law in Support of Defendant's Motion for Summary Judgment ("Mot.") at 5, ECF No. 28.

"In slip-and-fall cases, a plaintiff must first show 'the existence of a dangerous or defective condition.'" Thomason v. Target Corp., No. 20 Civ. 8982 (JPC), 2022 WL 1137165, at *3 (S.D.N.Y. Apr. 18, 2022) (quoting Winder v. Exec. Cleaning Servs., LLC, 936 N.Y.S.2d 687, 688 (2d Dep't 2012)). "To establish the existence of a dangerous condition or defect, a plaintiff must be able to point to a specific condition that caused her injury." Vasquez v. United States, No. 14 Civ. 1510 (DF), 2016 WL 315879, at *5 (S.D.N.Y. Jan. 15, 2016). The "mere fact" that plaintiff fell "does not satisfy this requirement." Id.; see also Pena v. Women's Outreach Network, Inc., 35 A.D.3d 104, 110 (1st Dep't 2006) (describing reliance on only "plaintiff's testimony, the bill of particulars and the photographs [to] create an issue of fact as to the existence of a dangerous, defective or hazardous condition on the stairs" as a "simplistic deduction of cause from effect fails to show a defect, must less fault"). Here, plaintiff has failed to make such a showing.

Indeed, plaintiff argues that the "worn-down area on the step was more slippery than the surrounding area, creating a defective condition." See Memorandum of Law in Opposition to Defendant's

Motion for Summary Judgment ("Opp.") at 3.  However, as defendant highlights, plaintiff fails to provide "any evidence that the step was actually defective or dangerous." Mot. at 6.  To the contrary, plaintiff admits that he saw the step and the yellow caution stripe; that there was no issue with lighting; that there was no liquid, debris, or loose objects on the step; and that he is unaware of any complaints made to Starbucks about the step. See id.; Def. 56.1 ¶¶ 84-90, 99-102, 113-15; Pl. 56.1 ¶¶ 83-89, 98-101, 113-15. Moreover, plaintiff "offer[s] no theory—based on expert opinions or otherwise–as to how or why the step presented a slipping risk to him and other customers."  Mot. at 7.  Given defendant "need only show that Plaintiff lacks evidence sufficient to establish this element," defendant has met its burden. Vasquez, 2016 WL 315879, at *6; see also Citizens Bank of Clearwater, 927 F.2d at 710 (providing that a defendant may satisfy its burden on summary judgment "by pointing out the absence of evidence to support the non-movant's claims").

"[T]he burden [thus] shifts to [plaintiff] to present evidence sufficient to satisfy every element of the claim," Lyman, 2018 WL 4538908, at *4 (internal citations and quotations omitted). However, plaintiff cites no evidence suggesting that the worn-down condition of a portion of the caution stripe presented a dangerous

or defective condition, "aside from the simple fact that he fell."[6] Mot. at 6.   Indeed, plaintiff "offers no expert affidavit, city building code, or other method of proof suggesting that [the worn portion of the caution stripe] makes a [step] dangerous, defective, or unlawful."   Vasquez, 2016 WL 315879, at *6; see also Sims v. 3349 Hull Ave. Realty Co. LLC, 106 A.D.3d 466, 467 (1st Dept. 2013) (emphasizing plaintiff's failure to cite "applicable Building Code violations connecting plaintiff's injuries to any alleged defective condition").   Nor does plaintiff attempt to offer his own evidence to rebut Ms. Rodriguez's testimony, supporting defendant's contention that it is unaware of any prior complaints about the step.   See e.g., Santiago v. United Artists Commc'ns, Inc., 263 A.D.2d 407, 408 (1st Dep't 1999) ("[P]laintiff never established the existence of a dangerous condition, since, prior to her accident and despite the site being heavily trafficked, there were no complaints about the allegedly defective step, no repairs were done on the step, and no building code violations were issued regarding the step."); cf. Kline v. Abraham, 178 N.Y.

---

[6] Plaintiff argues that whether the worn-down caution stripe can be considered a dangerous or defective condition is an issue of fact reserved for the jury. See Opp. at 6. In support of this argument, however, plaintiff merely cites to two New York state cases, which apply a summary judgment standard that differs from the standard used in federal court. See id. (citing Trincere v. County of Suffolk, 90 N.Y.2d 976, 977 (1997), Guerrieri v. Summa, 193 A.D.2d 647, 647 (2d Dep't 1993)); Ghal, 2019 WL 1745704, at *3 (discussing summary judgment standard). In any event, the courts in both cases clarified that not all slip-and-fall cases "need be submitted to a jury," Trincere, 90 N.Y.2d at 977, and in Guerrieri, the court held that "the elevated metal stripe" at issue "did not constitute an actionable defect or a dangerous condition." 193 A.D.2d at 648.

14

377, 380 (1904) (finding step presented no dangerous condition, even though "several persons had previously slipped upon these stairs").

As noted, a claim of negligence cannot be supported by the mere fact that plaintiff fell.  Indeed, courts have consistently held that the slipperiness of a step is not an actionable defect, even when the slipperiness was allegedly caused by the fact that the step or materials applied to the step, such as paint or treads, were worn.  See e.g., Tai Wong v. 15 Monroe Realty Inc., 194 A.D.3d 534, 534 (1st Dep't 2021) (finding "worn condition of the center of the step" was not a dangerous or defective condition); DeCarbo v. Omonia Realty Corp., 181 A.D.3d 438, 438 (1st Dept 2020) ("A worn marble tread, without more, is not an actionable defect."); Lopez-Ramos v. N.Y.C. Hous. Auth., 136 A.D.3d 504, 505 (1st Dep't 2016) ("Although plaintiff submitted evidence showing areas of worn paint by the metal nosing of the stairs, such a condition is not an actionable defect under the circumstances presented."); Sims, A.D.3d at 467 ("The worn marble tread is not an actionable defective condition").

Accordingly, plaintiff has not established that the worn caution stripe is a dangerous or defective condition.  The Court finds that there is no genuine dispute of material fact, and that summary judgment is appropriate.[7]

---

[7] Even assuming arguendo that plaintiff could establish that a dangerous or defective condition existed, plaintiff must still "show that the defendant (1) 'created the condition which caused the accident,' (2) 'had actual . . . notice

**CONCLUSION**

For the foregoing reasons, defendant's motion for summary judgment is granted in its entirety.  The clerk is respectfully instructed to terminate the motion pending at ECF No. 27, enter judgment for defendant, and close the case.

**SO ORDERED.**

Dated:     New York, New York
           January 10, 2023

                                        _____
                                        NAOMI REICE BUCHWALD
                                        UNITED STATES DISTRICT JUDGE

---

of the condition,' or (3) had 'constructive notice of the condition.'" Thomason, 2022 WL 1137165, at *3 (quoting Kraemer v. K-Mart Corp., 226 A.D.2d 590, 590 (2d Dep't 1996)).  Plaintiff does not contend that defendant created or had actual notice of the allegedly dangerous or defective condition, see Opp. at 3, and plaintiff cannot show that defendant had constructive knowledge. Although defendant would have been aware of the fading on the caution stripe through its regular inspections of the step, Mot. at 13, it has established that it was not aware of any prior complaints about the worn section of the caution stripe and that there was no liquid, debris, or loose objects on the step, see id.; Def. 56.1 ¶¶, 99-102, 115; Pl. 56.1 ¶¶ 98-102, 115.  Accordingly, the burden was on plaintiff to make a "showing as to why or how [defendant] should have been alerted to the danger" posed by the fading of the caution stripe.  Walsh v. Super Value, Inc., 76 A.D.3d 371, 377 (2nd Dep't 2010). Plaintiff has failed to offer any such evidence.  Furthermore, plaintiff's argument that defendant failed to provide inspection and cleaning records misapprehends the summary judgment standard applied by federal courts and lacks relevance, as it is undisputed that there was no liquid, debris, or loose objects on the step.  See Opp. at 3-4 (citing New York state case law applying inapposite summary judgment standard); Def. 56.1 ¶¶ 99-102; Pl. 56.1 ¶¶ 98-102.